NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10305 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00634-JW |
| v. | |
| SALVADOR PRADO-FIGUEROA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Salvador Prado-Figueroa appeals from the 63-month sentence imposed

following his guilty-plea conviction to illegal reentry following deportation, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Prado-Figueroa contends that the district court procedurally erred in its calculation of the Guidelines, because at the time of his sentencing the United States Sentencing Commission had proposed an amendment deleting the provision for "recency points" in calculating criminal history under U.S.S.G. § 4A1.1(e). The guidelines amendment upon which Prado-Figueroa relies was not in effect when the district court imposed the sentence, and accordingly, the district court did not procedurally err by refusing to apply the proposed amendment. *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

Prado-Figueroa also contends that his sentence is substantively unreasonable. Given the age of Prado-Figueroa's prior conviction and the other aspects of his criminal history, application of the 16-level prior conviction enhancement did not result in an unreasonable sentence in this case. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108-09 (9th Cir. 2010). In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Prado-Figueroa's sentence is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

**AFFIRMED.**